UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                  |   |                                  |
|----------------------------------|---|----------------------------------|
| WAYNE P. GARFIELD,               | ) |                                  |
|     Plaintiff,                   | ) |                                  |
| v.                               | ) | Civil Action No. 09-11617-GAO    |
| THOMAS L. McLAUGHLIN, et al.,    | ) |                                  |
|     Defendants.                  | ) |                                  |

ORDER ON PENDING MOTIONS

July 19, 2011

SOROKIN, M.J.

Currently pending are six motions.[1] As a threshold matter, the Court notes that although the pro se Plaintiff has filed a Notice of Appeal as the Court's dismissal of certain of his claims (Docket # 51), that Notice of Appeal is defective on its face in that it purports to appeal an Order which is not appealable on an interlocutory basis.[2] In this circumstance, the District Court retains jurisdiction over the remainder of the matter, and so proceeds to resolution of the pending motions. See Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 96 (1st Cir. 2003).

---

[1] A seventh motion (Docket # 53 Motion to Certify for Interlocutory Appeal) is the subject of a separate Report and Recommendation of this date. The six motions considered herein are: Docket #s 41 (Motion Requesting Subpoena); 42 (Amended Motion for Subpoena); 46 (Emergency Motion for Production of Documents); 50 (Motion for Leave of Court to Add New Defendants); 54 (Motion for Summons); and 55 (Motion for Enlargement of Time).

[2] See the Report and Recommendation of this date.

1

Motion for Subpoena (Docket #s 41 and 42)

The pro se plaintiff's Motion for Subpoena (Docket # 41) and Amended Motion for Subpoena (Docket # 42) are DENIED, without prejudice. Garfield recites in first motion that he wishes to serve a subpoena duces tecum on the Department of Public Health "on the grounds that I filed a Complaint against Lawrence Memorial Hospital . . . [on] behalf of my then fiancé Jaqueline Goglia which she was being held under G.L. c. 123 § 23 on June 12, 2009." Although the exact relationship of these events to the pending lawsuit is not entirely clear, Garfield does appear to allege that it is relevant to the events of June 5, 2009, which form the basis of the Complaint ("I have reason to [believe] that the 51A complaint source that brought ("MDCF") to 3 Forest Glen Circle in Woburn MA on June 4, 2009" [sic]). Under Fed. R. Civ. P. 45, a subpoena may command the person to whom it is directed to produce designated documents. Although Garfield complains that "this agency refuses to disclose any documents regarding the investigation of my complaint," the motion as is does not sufficiently identify or describe the documents to be sought thereby, or their relevance to the case, for the Court to issue a subpoena.

The Amended Motion for Subpoena (Docket # 42) is likewise DENIED, without prejudice. Although the motion was filed as an amendment, it appears to contain the identical information, with the exception of the correction of a typographical error and the correction of a statutory reference. The defects noted above are not cured by the amendment.

Emergency Motion for Production of Documents (Docket # 46)

The Plaintiff's Motion for Production of Documents is DENIED. On October 22, 2010, the undersigned Magistrate Judge issued a Report and Recommendation recommending that the Motion to Dismiss of Defendant Angelo McClain and the Department of Children and Family

Services be allowed. Docket # 32. The Court subsequently adopted the recommendation on February 28, 2011, and McClain and the Department of Children and Family Services were dismissed. Docket # 48.

In the interim between the Magistrate Judge's recommendation and the District Court's adoption of same, McClain sought an Order protecting him from discovery in light of the Magistrate Judge's recommendation and his assertion of immunity from suit. Docket # 43. The Court provisionally allowed that motion, pending review of the Plaintiff's opposition. See Electronic Order of February 16, 2011. Garfield filed his motion for production of documents from McClain prior to opposing the Motion for Protective Order. See Docket #s 46, 47. McClain has in any event since been dismissed from the case, and he is no longer subject to party discovery conducted pursuant to Fed. R. Civ. P. 34.

Motion for Leave to Amend and Motions to Issue Summonses (Docket #s 50, 54)

Garfield has moved for leave of Court to amend his Complaint. Docket # 50. The Defendants have not opposed the motion. The motion is ALLOWED, as is the accompanying motion for summonses for the newly-named defendants (Docket # 54). The Clerk shall issue summonses as to new defendants Nancy Hamel and Jason Buonarosa and the United States Marshal shall serve a copy of the summons, Third Amended Complaint (Docket # 50-1)and this Order upon those defendants as directed by plaintiff with all costs of service to be advanced by the United States. Notwithstanding Local Rule 4.1 and Fed. R. Civ. P. 4(m), the plaintiff has 120 days from the date of this Order to complete service.

Motion for Enlargement of Time (Docket # 55)

This motion appears to have been docketed on the District Court's docket in error. It

bears the docket number and caption of Garfield's appeal with the First Circuit Court of Appeals, and appears to seek relief from that Court from its deadlines. It is therefore ORDERED that the Clerk shall terminate the motion administratively as having been docketed in error.

SO ORDERED,

/s/   Leo T. Sorokin
Leo T. Sorokin
United States Magistrate Judge