UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WAYNE P. GARFIELD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-11617-GAO |
| THOMAS L. McLAUGHLIN, et al., | ) ) ) | |
| Defendants. | ) ) | |

REPORT AND RECOMMENDATION ON
<u>PLAINTIFF"S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL</u>

July 19, 2011

SOROKIN, M.J.

Pending is the Plaintiff's motion pursuant to 28 U.S.C. § 1292(b), inter alia, to certify for interlocutory appeal his claim against Defendant McClain, which was dismissed by Order of the Court dated February 28, 2011. Docket # 53; <u>See</u> also, Docket # 48.

On October 22, 2010, the undersigned Magistrate Judge recommended dismissal of the claims against Defendant McClain because the Second Amended Complaint did not include allegations of McClain's personal involvement in any of the wrongful actions alleged, and did not contain factual allegations plausibly supporting supervisory liability. Docket # 32 at 3-4. Likewise, the claims against McClain in his official capacity were barred by the Eleventh Amendment. <u>Id.</u> at 4-5.

28 U.S.C. §1292 provides in relevant part:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a

controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. §1292 (b)

The questions presented by McClain's motion to dismiss were not questions of law as to which there is substantial ground for difference of opinion. There appears to be no basis for an interlocutory appeal of the dismissal. Because the statute commits the question of certification to "a district judge," I RECOMMEND that the Court DENY the Plaintiff's Motion for Certification of Interlocutory Appeal (Docket # 53).[1]

/s/   Leo T. Sorokin
Leo T. Sorokin
United States Magistrate Judge

---

[1] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).